UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

ROBERT ALLEN GRAHAM, a/k/a
Robert Alan Graham,
          *Defendant-Appellant.*

No. 03-4508

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

ROBERT ALAN GRAHAM,
          *Defendant-Appellant.*

No. 04-4008

Appeals from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-02-462, CR-03-243)

Argued: February 25, 2004

Decided: March 30, 2004

Before NIEMEYER, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Robert James Wagner, Assistant Federal Public Defender, Richmond, Virginia, for Appellant. Brian Ronald Hood, Assistant United States Attorney, Richmond, Virginia, for Appellee. **ON BRIEF:** Frank W. Dunham, Jr., Federal Public Defender, Frances H. Pratt, Research and Writing Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Paul J. McNulty, United States Attorney, N. George Metcalf, Assistant United States Attorney, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Robert Allen Graham appeals the district court's denial of his motion to suppress evidence seized during the execution of a search warrant. A special agent of the United States Secret Service obtained the warrant based on detailed information from a confidential informant, which the agent was able to corroborate in part. We conclude that the warrant was supported by probable cause. Moreover, even if probable cause was lacking, the fruits of the search are nonetheless admissible under the good faith exception set forth in *United States v. Leon*, 468 U.S. 897 (1984). Accordingly, we affirm the district court's denial of the motion to suppress.

Graham also appeals the denial of his motion for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). Because we agree with the district court that Graham's offer of proof was insufficient, we also affirm the district court's denial of this motion.

I.

On December 6, 2002, Special Agent T. Chris Hoy of the United States Secret Service applied to a United States Magistrate Judge in the Eastern District of Virginia for a warrant to search a home located at 3330 Bunche Place in Richmond. Hoy submitted an affidavit in support of the warrant application. In the affidavit, Hoy stated that he had been conducting an investigation into counterfeiting in the Richmond area for several months. He further stated that a confidential informant had advised that "between 11/29/02 and 12/2/02 he/she had seen counterfeit currency at 3330 Bunche Place, Richmond, Virginia, 23223." (J.A. at 25.) "The informant indicated that a resident of the address identified as Robert Alan [sic] Graham sold him/her an amount of counterfeit currency. The informant stated he/she observed Robert Alan [sic] Graham make the counterfeit currency on a desktop computer located in the upstairs rear bedroom of the residence. . . . The informant stated he/she personally passed several of the counterfeit $20 counterfeit [sic] notes at businesses in the Richmond area." (J.A. at 25.) Hoy also stated in the affidavit that "[t]he counterfeit notes recovered in this investigation have been examined by your affiant [Hoy] and the notes are consistent with the type of counterfeit produced by inkjet-type technology."[1] (J.A. at 25.) Finally, the affidavit stated that "[o]n 12/4/02, an inquiry with Richmond Redevelopment Housing Authority confirmed that Robert Alan [sic] Graham is the lease holder at 3330 Bunche Place, Richmond, Virginia, 23223." (J.A. at 25.) Finding that the information in the application and affidavit established probable cause to believe that evidence of counterfeiting would be found at 3330 Bunche Place, the magistrate judge issued a search warrant for the premises.

Law enforcement agents executed the search warrant at Graham's residence and discovered a computer printer that was in the process of printing counterfeit federal reserve notes, eight packets of counterfeit currency, as well as the computer used to manufacture the counterfeit currency, which later was determined to contain illicit child

---

[1]"Inkjet-type technology" refers to the printing method of the counterfeit notes; in other words, the notes were printed from a computer to an inkjet printer, as distinguished from being printed from an engraved plate on a printing press.

pornography as well. Graham was arrested, advised of his *Miranda* rights, and admitted that the counterfeit currency and equipment were his and that he had been making counterfeit currency.

On December 17, 2002, a grand jury sitting in the Eastern District of Virginia indicted Graham on three counts related to counterfeiting. On January 14, 2003, Graham moved to suppress all evidence and statements obtained based on the December 6, 2002, search warrant, arguing that the affidavit supporting the search warrant lacked sufficient indicia of probable cause. Graham also moved for a *Franks* hearing,[2] so that he could show that the affidavit contained what he alleged were intentionally or recklessly false statements. The district court denied these motions on February 24, 2003, and denied a motion for reconsideration on February 26, 2003. On March 5, 2003, Graham pleaded guilty to one count of counterfeiting, reserving his right to appeal the district court's denial of his motion to suppress. Graham filed a timely notice of appeal.

On July 2, 2003, a grand jury sitting in the Eastern District of Virginia indicted Graham on seven charges related to child pornography, based on files found on the computer recovered during the December 6, 2002, search. On August 26, 2003, Graham moved to suppress all evidence obtained based on the December 6, 2002, search warrant, arguing, as he had regarding the counterfeiting charges, that the affidavit supporting the search warrant lacked sufficient indicia of probable cause. Graham also moved for a *Franks* hearing, so that he could show that the affidavit contained what he alleged were intentionally or recklessly false statements. The district court denied these motions on September 13, 2003. Graham then pleaded guilty to one count of manufacturing child pornography, reserving his right to appeal the district court's denial of his motion to suppress. Graham filed a timely notice of appeal.

---

[2]Under *Franks v. Delaware*, 438 U.S. 154 (1978), if a defendant makes an initial showing that a warrant affidavit contained an intentionally or recklessly false statement that was necessary to a finding of probable cause at the time of the warrant was issued, he is entitled to a hearing to determine if the affidavit does in fact contain an intentionally or recklessly false statement.

Both of Graham's appeals concern the validity of the December 6, 2002, search. Accordingly, we consolidated Graham's two appeals in this court.

## II.

### A.

Graham first argues that the search warrant issued by the magistrate judge was not supported by probable cause, and thus, that the fruits of the search must be suppressed.[3] We review de novo the district court's determination that there was probable cause to support the search warrant. *United States v. Wilhelm*, 80 F.3d 116, 118 (4th Cir. 1996). When reviewing the magistrate judge's determination that there was sufficient probable cause to issue the warrant, however, the Supreme Court has "repeatedly said that after-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of *de novo* review. A magistrate's 'determination of probable cause should be paid great deference by reviewing courts.' " *Illinois v. Gates*, 462 U.S. 213, 236 (1983) (quoting *Spinelli v. United States*, 393 U.S. 410, 419 (1969)). With this well-established principle in mind, we review the magistrate judge's finding of probable cause in this case.

Probable cause is a "practical, nontechnical conception." *Gates*, 462 U.S. at 231 (quotation marks omitted). We apply a totality of the circumstances test to determine whether probable cause supported a search warrant. *Id.* at 231, 233; *Wilhelm*, 80 F.3d at 119. As the Supreme Court has held,

> [t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contra-

---

[3]This same argument applies to both the counterfeiting count and the child pornography count. Because both counts deal with the same search warrant and the same supporting affidavit, we do not discuss them separately.

band or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for . . . conclud[-ing]" that probable cause existed.

*Gates*, 462 U.S. at 238 (quoting *Jones v. United States*, 362 U.S. 257, 271 (1960)).

Having reviewed the affidavit submitted in support of the search warrant in this case, we conclude that the magistrate had a substantial basis for concluding that probable cause existed. The confidential informant stated that he or she had purchased counterfeit currency from Graham and used it at businesses in the Richmond area. Thus, the foundation for this individual's knowledge was known. *See United States v. Lalor*, 996 F.2d 1578, 1581 (4th Cir. 1993) (holding that the foundation for the informant's knowledge was known because the informant stated that he or she had purchased cocaine from the target of the search). In addition, the confidential informant stated that he or she saw Graham making the counterfeit currency on a desktop computer, and Hoy was able to confirm that the counterfeit notes recovered were "consistent with the type of counterfeit produced by inkjet-type technology," (J.A. at 25), thus corroborating this part of the informant's statement. Finally, Hoy was able to corroborate the name and address provided by the informant. Under a totality of the circumstances test, we are satisfied that the magistrate judge had a substantial basis for concluding that probable cause existed.

Moreover, even assuming arguendo that no probable cause supported the warrant, the fruits of the search would nonetheless be admissible under the *Leon* good faith exception because it cannot be said that "a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." *Leon*, 468 U.S. at 922 n.23; *see also United States v. Bynum*, 293 F.3d 192 (4th Cir. 2002) (applying *Leon* good faith exception). Accordingly, we affirm the district court's denial of the motion to suppress.

B.

Turning briefly to Graham's other argument, Graham contends that the district court erred in denying his motion for a *Franks* hearing.

Under *Franks*, a defendant is entitled to a hearing to challenge a facially sufficient affidavit only when (1) the defendant makes "allegations of deliberate falsehood or of reckless disregard for the truth" and supports his allegations with a detailed offer of proof including affidavits and/or sworn statements, and (2) the affidavit without the allegedly false statements is insufficient to show probable cause. *Franks*, 438 U.S. at 171-72; *see also United States v. Colkley*, 899 F.2d 297, 300 (4th Cir. 1990) (applying *Franks*). We agree with the district court that Graham's offer of proof is insufficient. Accordingly, he is not entitled to an evidentiary hearing.

### III.

For the above stated reasons, we affirm the judgment of the district court.

*AFFIRMED*